**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUIS GONZALEZ, individually, and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FELLOWES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 10-cv-7682<br>)<br>) Judge Valdez<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PRELIMINARY APPROVAL**

Luis Gonzalez ("Named Plaintiff"), on behalf of himself and on behalf of all others allegedly similarly situated ("Plaintiffs") moved for preliminary approval of a proposed class action settlement between Plaintiff, on behalf of a proposed class, and Defendant Fellowes. Defendant Fellowes did not oppose Plaintiff's motion. After reviewing the Parties' proposed Joint Stipulation and Agreement to Settle Class Action Claims ("Stipulation"), together with the proposed Notices of Class Action Settlement, Claim Form and other attachments thereto, as well as Plaintiff's memorandum of law in support of the Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the parties, the Court finds and orders as follows:

1. The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the Stipulation is fair, reasonable and adequate. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has considered the pleadings and arguments made by the parties in support of the motion for preliminary settlement approval and finds that the proposed Settlement Class is

proper and should be provisionally certified. Solely for purposes of the proposed Settlement, a Settlement Class is hereby provisionally certified pursuant to Fed. R. Civ. P. 23 as follows:

> All day and temporary laborers who were leased to Defendant Fellowes between December 2, 2007 and April 2, 2011 (herein the "Class Period"), and who had 30 minutes deducted from their wages each day for rest breaks during the Class Period. (herein the "Class").

The Court finds that (i) the class is so numerous that joinder is impracticable; (ii) questions of law and fact are common to the Class; (iii) the claims of the representative Plaintiff is typical of the claims of the class; and (iv) the Class Representative will fairly and adequately protect the interests of the Class. In addition questions of law or fact common to the members of the class predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members.

3. The Court does hereby preliminarily approve Douglas M. Werman and Maureen A. Salas of Werman Law Office, P.C. as Class Counsel. The Court also hereby preliminarily approves Luis Gonzalez as the Class Representative.

4. The Court appoints the class action settlement administration firm Simpluris, Inc. as the Claims Administrator for this settlement.

5. The Court approves, as to form and content, the proposed Notices of Class Action Settlement and Claim Form attached to the Stipulation as Exhibits B, C and D, respectively. The Court also approves, as to form and content, the proposed Newspaper Advertisement attached to the Stipulation as Exhibit E. The Court finds that the procedures for notifying the Class about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

6. A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on May 15, 2012 at 10:00 a.m., in Courtroom 2319 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for an Incentive Award and Termination Award to be made to the Class Representative.

7. All Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all determinations and judgments in the Class Action Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8. Within seventy-five (75) days of the mailing of the Class Notice and Claim Form, all Settlement Class members who wish to receive settlement proceeds must complete, mail and postmark the Claim Form to the Settlement Administrator. Any Settlement Class member that does not submit a properly completed, timely and valid Claim Form will not receive any Settlement Payment.

9. Within seventy-five (75) days of the mailing of the Class Notice and Claim Form, Settlement Class members objecting to the terms of the settlement must do so in writing. The written objection must be sent to the Settlement Administrator and postmarked on or before this date.

10. Any Class Member who wishes to be excluded (Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for Exclusion to the Settlement Administrator no later than the Claim Deadline.

11. Any Class Member may enter an appearance in the Class Action Litigation, at his or her own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

12. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Class Action Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why the Class Representative should or should not receive extra compensation in the form of an Incentive Payment and Termination Award; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Class Representative's or the attorneys' fees and costs awarded to Class Counsel, unless that Class Member has, no later than the Claim Deadline, served by first class mail on the Settlement Administrator written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

13. Class Counsel shall file their petition for an award of attorneys' fees and costs no later than ten (10) days prior to the Final Approval Hearing.

14. All papers in support of the Settlement shall be filed and served no later than ten (10) days prior to the Final Approval Hearing.

15. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of costs, shall be approved.

16. In the event that the Effective Date (as explained in the Stipulation) does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever.

17. The parties are ordered to carry out the Settlement according to the terms of the Stipulation.

18. To the extent any prior order of this Court related to this Court action is inconsistent with the activities contemplated by the Stipulation, said orders are hereby modified so as to allow the activities contemplated by the Stipulation until such time as the Settlement is finally approved or deemed null and void.

19. The Court reserves the right to adjoin the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

Dated this 13th day of January, 2012

_____
JUDGE MARIA VALDEZ
U.S. DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS